**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Ranch Realty, Inc.,

Plaintiff,

v.

DC Ranch Realty, LLC, et al.,

Defendants.

No. CV-07-843-PHX-SMM

**ORDER**

Before the Court are Defendants' Motion to Dismiss (Dkt. 9), Defendants' Motion to Strike Plaintiff's statement of facts (Dkt. 14), and Plaintiff's responses thereto.

**BACKGROUND**

Plaintiff initiated this action on April 24, 2007, alleging breach of contract, unfair competition, and trademark infringement under state and federal law. The Complaint alleges that Defendants used its trademark and name without permission and in violation of a settlement agreement the parties entered in 1997. Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that laches and the statute of limitations barred Plaintiff's infringement claims, and that the remaining state law claims should subsequently be dismissed for lack of subject matter jurisdiction. Defendants argue that Plaintiff had constructive notice of the alleged infringement, as the Complaint admits open and public use of the marks and names for four years.

Plaintiff's response to Defendants' motion to dismiss includes supporting materials: a statement of facts, three affidavits, a copy of the 1997 settlement agreement, and other corporate information. The affidavits and Plaintiff's argument center on the date Plaintiff obtained actual knowledge of Defendants' infringement. Plaintiff asserts that its submission of extraneous material compels the Court to treat the motion as a motion for summary judgment. (Pl.'s Resp. to Defs.' Mot. to Dismiss 3-4.)

Defendants filed a reply to Plaintiff's response, along with a motion to strike the supporting materials (Dkt. 14).[1] Defendants assert that the supporting materials should be excluded as outside of the pleadings, that Plaintiff cannot unilaterally convert their 12(b)(6) motion into a motion for summary judgment, and a number of evidentiary objections to the supporting materials. (Defs.' Mot. to Strike 1-3.) Plaintiff contends that the Court can convert Defendants' motion into a motion for summary judgment, and that the affidavits are relevant to refuting Defendants' argument regarding constructive notice. (Pl.'s Resp. to Defs.' Mot. to Strike 2.)

**STANDARD OF REVIEW**

To survive a motion to dismiss for failure to state a claim, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true even if doubtful in fact." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, __ U.S. __ (2007). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

---

[1] Defendants' motion to strike is not filed under Rule 12(f), as such a motion can only be directed at pleadings. Fed. R. Civ. P. 12(f); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Rather, Defendants' "motion to strike" is a motion to exclude the supporting materials from the Court's consideration.

A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir.1991). When exercising its discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

A motion to dismiss based on a statute of limitations defense is properly brought under Rule 12(b)(6). Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Washington v. Garrett, 10 F.3d 1421, 1437 (9th Cir. 1993). Such a motion may be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). A court should not dismiss a complaint unless plaintiff cannot plausibly prove a set of facts demonstrating the timeliness of the claim. See Bell Atlantic, 127 S.Ct. at 1959. Since the court cannot consider materials outside the pleadings for Rule 12(b)(6) purposes, and since the applicability of doctrines related to filing deadlines often depends on matters outside the pleadings, whether a claim is time-barred is "not generally amenable to resolution on a Rule 12(b)(6) motion." Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993)(discussing California's fact-intensive test for equitable tolling).

**DISCUSSION**

The first issue to determine is whether Plaintiff's supporting materials should be considered in deciding Defendants' motion to dismiss. Plaintiff contends that the supporting materials are proper if the Court treats Defendants' motion as one for summary judgment, which it urges the Court to do. Defendant responds that the materials are outside the pleadings and that Plaintiff cannot unilaterally convert a motion to dismiss into a motion for

summary judgment. After deciding this threshold issue the Court will address the parties' arguments regarding whether Plaintiff's claims are time-barred.

**A. Plaintiff's Supporting Materials**

A district court generally considers only the material submitted as part of the complaint when ruling on a Rule 12(b)(6) motion. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). If extraneous materials are presented on a Rule 12(b)(6) motion to dismiss *and not excluded by the court*, the motion is treated as a motion for summary judgment and disposed of under Rule 56. Fed. R. Civ. P. 12(b).

Materials not submitted as part of the complaint can be considered as part of a Rule 12(b)(6) motion in certain circumstances. First, documents not physically attached to the complaint may be considered by the court if: (1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the motion. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Second, extraneous materials may also be used to clarify allegations in the complaint whose meaning is unclear. Pegram v. Herdrich, 530 U.S. 211, 230 n.10 (2000). Finally, "new" facts should be considered in deciding whether to grant leave to amend and whether to dismiss with or without prejudice. Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc., 268 F.3d 1133, 1137 (9th Cir. 2001).

The complaint in this case contained no reference to the supporting materials, nor do the supporting materials clarify ambiguous allegations. Rather, Plaintiff seeks to rely on them in opposing Defendants' motion to dismiss—a motion attacking the sufficiency of the pleadings. Plaintiff harbors the erroneous notion that including extraneous materials in opposition to Defendants' motion forces the Court to treat the motion as one for summary

judgment. (Pl.'s Resp. to Defs.' Mot. to Dismiss 3-4 ("Since Ranch Realty relies upon affidavit testimony outside of the Complaint to rebut Defendants' allegations, *the Court must treat* [the motion] as one for summary judgment." (emphasis added).)

Plaintiff's position can be summarized thusly: the Court has discretion to consider extrinsic evidence and convert the motion to one for summary judgment; if treated as responding to a motion for summary judgment, the supporting materials were properly submitted. (Pl.'s Resp. to Mot. to Strike 2-3.) Plaintiff then utilizes the supporting materials to reargue its position on the underlying motion to dismiss. (See id. 3-7.) Plaintiff does not provide any support for its fundamental assumption that a non-moving party can convert a motion to dismiss into a motion for summary judgment by including extraneous material in its response. Defendants' motion to dismiss refers only to the allegations contained in the complaint, and does not refer to anything outside of the pleadings. The Court sees no reason to consider the supporting materials, nor to convert Defendants' motion into one for summary judgment.

The Court will therefore exclude the supporting materials presented and maintain Defendants' motion as a 12(b)(6) motion to dismiss for failure to state a claim.

**B. Defendants' Motion to Dismiss**

Defendants' motion to dismiss contends that most of Plaintiff's claims are barred by the statute of limitations, or the doctrine of laches, or both. Defendants point to the timeline of activity outlined in the Complaint and assert that Plaintiff received constructive knowledge of the alleged infringement sometime between May 23, 2003 and January 23, 2004. (See Defs.' Mot. to Dismiss 7-9.) Therefore Plaintiff's claims accrued within that time period according to the "discovery rule." Plaintiff responds that the claims did not accrue until it had actual knowledge of Defendants' activities, which occurred in January 2007. (Pl.'s Resp. to Defs.' Mot. to Dismiss 5-7.) Plaintiff also argues that constructive knowledge of the infringing activities could not be imputed until May 13, 2004, when Defendants began advertising the DC Ranch Realty name in the Scottsdale area. (Id. 9.)

The decision as to which statute of limitations applies to an action is a matter of law. Insurance Co. of North America v. Superior Court, 800 P.2d 585, 589 (Ariz. 1990). Under the "discovery rule," a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause. Doe v. Roe, 955 P.2d 951, 960 (Ariz. 1998). When discovery occurs and a cause of action accrues are ordinarily questions of fact for the jury. Id. at 961; see also Doe v. Garcia, 5 F. Supp. 2d 767, 774 (D. Ariz. 1998) ("Application of the discovery rule often depends on resolution of such factual issues and the trial court's function is not to resolve disputed facts.").

1. Applicable statutes of limitations

Plaintiff asserts four causes of action against Defendants: breach of contract, trademark infringement (Lanham Act), trademark infringement (state law), and unfair competition. Defendants argue that the federal claim is barred by the statute of limitations and laches, and that the dismissal of the federal claim justifies dismissal of the remaining state law claims for lack of subject matter jurisdiction.

The Lanham Act does not contain a statute of limitations, and the Ninth Circuit borrows the statute of limitations for the most closely analogous state law. Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 836 (9th Cir. 2002). Arizona's directly analogous law is its state trademark law, which also does not contain a statute of limitations. See A.R.S. § 44-1451; cf. Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 720 & n.17 (9th Cir. 2004). The applicable limitations period for state trademark infringement could be one year as liability created by statute (A.R.S. § 12-541(5)), two years as injury to property, (A.R.S. § 12-542(3)), or three years as fraud (A.R.S. § 12-543(3)).

The issue of which limitations period applies to trademark infringement appears to be one of first impression. In the absence of a state trademark statute, the Ninth Circuit has found state fraud claims to be most closely analogous. See Jarrow Formulas, 304 F.3d at 838 (applying California CCP §338(d) three-year period for fraud actions); Karl Storz Endoscopy-America, Inc. v. Surgical Tech., Inc., 285 F.3d 848, 857 (9th Cir. 2002)(same);

Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1395 (9th Cir. 1993)(applying Oregon's two-year limitation for fraud). The one-year statute of limitations applies "only where a liability would not exist but for a statute." Andrews ex rel. Woodard v. Eddie's Place, Inc., 16 P.3d 801, 803. (Ariz. App. 2000). Even without the Arizona state trademark law, liability would exist under a common law tort theory. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1321 (9th Cir. 1998). Although Arizona courts apply the two-year statute of limitations for tortious interference with contract claims, Clark v. Airesearch Mfg. Co., 673 P.2d 984, 987 (Ariz. App. 1983), the weight of authority supports application of the three-year limitation for fraud. See Johannsen v. Brown, 797 F. Supp. 835 (D. Or. 1992)(collecting cases); see also 6 McCarthy on Trademarks and Unfair Competition § 31:33 n.6 (same). Therefore the three-year period of A.R.S. § 12-543(3) applies to Plaintiff's federal and state trademark infringement claims.

Count IV alleges unfair competition. Here also the applicable statute of limitations is unclear. On the one hand, the statute of limitations for injury to property is two years, and "property" includes intangible personal property. A.R.S. § 12-542(3); Clark, 673 P.2d at 988 (applying §12-542(3) to tortious interference with contract claim). On the other hand, trademark infringement is a species of the generic concept of unfair competition. Int'l Order of Job's Daughters v. Lindeburg & Co., 633 F.2d 912, 915 (9th Cir. 1980). Given that trademark infringement claims and claims of unfair competition are "substantially congruent," id. at 916, the Court will apply a three-year limitations period to Plaintiff's unfair competition claim.

2. Accrual of claims, constructive knowledge, and the discovery rule

The parties in this case dispute the date on which Plaintiff's claims accrued, a determination of which requires resolution of factual issues inappropriate at the pleading stage. Plaintiff's complaint sets forth five potential dates at which the claims could have accrued, ranging from February 2000 to January 2007. Defendants registered "dcranchrealty.com" as a domain name on February 18, 2000 (Compl. ¶ 19), began

marketing and advertising on that site on May 23, 2003 (Id. ¶ 20), formed DC Ranch Realty LLC and began marketing and advertising through various channels on January 23, 2004 (Id. ¶ 21-22), and began marketing and advertising in Scottsdale and the surrounding areas on May 13, 2004 (Id. ¶ 23). Plaintiff received notice of Defendants' use of the name "DC Ranch Realty" in January 2007. (Id. ¶ 27.) Plaintiff then investigated and learned of Defendants' use of the name dating back to 2000. (Id. ¶ 28.) Plaintiff filed the complaint in this matter on April 23, 2007.

Viewed in a light most favorable to Plaintiff, it cannot be said that Plaintiff's claims are barred by the statute of limitations. Plaintiff sets forth plausible grounds to find that, even with reasonable diligence in policing its marks, Plaintiff would not have discovered Defendants' use of "DC Ranch Realty" before Defendants' began marketing and advertising in Plaintiff's locality. This is sufficient even when "actual proof of those facts is improbable, and ... recovery is very remote and unlikely." Bell Atlantic, 127 S. Ct. at 1965. Accordingly, Plaintiff's claims did not accrue until May 13, 2004.

Moreover, the date on which a cause of action accrued is a factual question inappropriate to determine based on the pleadings. Pretrial discovery may enable the Court to decide the issue on a motion for summary judgment, by establishing when Plaintiff—through the exercise of reasonable diligence—should have learned of the alleged infringement. Cf. Cervantes, 5 F.3d at 1277 (stating issue of equitable tolling more appropriate to decide at summary judgment stage). But at this stage in the case, Plaintiff's allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss.

3. Laches

Defendants also argue that Plaintiff's claims are barred by the equitable doctrine of laches. For laches to apply, Defendants must show that Plaintiff's delay in filing suit was unreasonable, and that Defendants would suffer prejudice caused by the delay if the suit were to continue. Jarrow Formulas, 304 F.3d at 838. Like its counterpart in law the statute of limitations, the application of laches depends on when the cause of action accrued. For

reasons given above, the Court cannot determine the factual issue of accrual based on the allegations of the complaint. Therefore Plaintiff's claims are not time-barred by the doctrine of laches and Defendants' motion to dismiss is denied.

**CONCLUSION**

Defendants seek to dismiss this action as time-barred under the applicable statutes of limitations and the doctrine of laches. Dismissal of the action is not proper at this time, as the complaint sets forth a number of dates at which Plaintiff's claims may have accrued. At this stage in the case, the Court is unable to determine when Plaintiff's claims accrued and when the applicable limitations period expired. Defendants' motion to dismiss is therefore denied. Accordingly,

**IT IS HEREBY ORDERED** denying Defendants' Motion to Dismiss (Dkt. 9). It is noted in this regard that the Court excluded Plaintiff's supporting materials from consideration, thus disposing of Defendants' Motion to Strike those materials (Dkt. 14).

DATED this 26th day of October, 2007.

Stephen M. McNamee
United States District Judge